**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICIA PROUD,

       Plaintiff,

                                            CASE NO. 08-10211

v.                                        HON. LAWRENCE P. ZATKOFF

BERLIN CHARTER TOWNSHIP,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 29, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Berlin Charter Township's (the "Township") Motion for Summary Judgment (Docket #20). Plaintiff filed a response. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Court GRANTS Defendant's Motion for Summary Judgment.

## II. BACKGROUND

As of July 1995, Plaintiff was operating a tavern in the Township under the name "The Swan

Creek Inn" ("the Inn").  On July 12, 1995, Plaintiff began offering live adult entertainment at the Inn, including nude, erotic dancing. At a regular meeting of the Township Board of Trustees (the "Board") meeting held July 24, 1995, the Board announced that a proposed Adult Entertainment Ordinance (the "Ordinance") would be introduced at the next regular Board meeting, to be held on August 14, 1995.  At the August 14, 1995, meeting, the proposed Ordinance was introduced and its application to Plaintiff's business was discussed.  Under the Ordinance, (1) Plaintiff's business constituted an "adult cabaret"; (2) no adult entertainment business was to be established or conducted in the Township without the owner or operator first obtaining a license to operate from the Township; and (3) no adult entertainment business could be located within one thousand feet of any church, place of worship or other religious facility.

      For purposes of this Opinion, the Court accepts as true Plaintiff's contentions that:

(1)     The Ordinance was a response to the unpopularity of and controversy generated by her establishment and was intended to restrict, if not completely eliminate, any nude dancing at the Inn/The Brass Swan;

(2)     The requirement that any adult entertainment be located more than one thousand feet from any religious facility, in particular, was adopted solely to make The Brass Swan non-compliant for licensing purposes; and

(3)     The Ordinance was promulgated based on "the Township's" personal beliefs that the dancing offered at The Brass Swan was offensive, immoral and a negative influence on the community.

The Ordinance was first read at the August 14, 1995, Township Board meeting.  At the conclusion of that meeting, the Board scheduled a special meeting for August 17, 1995, specifically for the second reading of the Ordinance. The Ordinance was read for a second time and enacted at the special meeting on August 17, 1995, with an effective date of August 18, 1995.

      At some point in early to mid-August 1995, Plaintiff closed the Inn but immediately

reopened the same establishment as The Brass Swan. By letters dated August 15, 1995, and August 17, 1995, the Township notified Plaintiff that, because she had closed the Inn and reopened as The Brass Swan, she was required to submit a new site plan. The Township's position was based on its determination that "a change of use" for purposes of the Township's zoning ordinance occurred upon the closure of the Inn and the reopening of the establishment as The Brass Swan. Plaintiff contended, however, that The Brass Swan was a pre-existing nonconforming use and, as such, should have been permitted to continue operating without having to submit a new site plan or comply with the new Ordinance.

On August 18, 1995, the Township filed suit in Monroe County Circuit Court based on the alleged site plan violation. The Township obtained a temporary restraining order against "Patricia A. Proud, doing business as The Brass Swan Co." The temporary restraining order barred Plaintiff from providing adult entertainment at The Brass Swan. The Township subsequently obtained a preliminary injunction to the same effect. Plaintiff asserted counterclaims against the Township and the Township's trustees for:

    (A)    violation of civil rights, 42 U.S.C. § 1983 (Count I);

    (B)    conspiracy by the trustees to commit that civil rights violation (Count II);

    ©    the trustees' failure to prevent that civil rights violation (Count III);

    (D)    the violation of free speech under the state constitution (Count IV);

    (E)    intentional interference with business relations (Count V);

    (F)    intentional infliction of emotional distress (Count VI);

    (G)    conspiracy (Count VII); and

    (H)    punitive damages in Count VIII.

*Berlin Charter Twp. v. Proud*, 2004 WL 357963, at *1 (Mich.App. 2004).

The parties filed cross-motions for summary disposition. The circuit court denied Plaintiff's motion for summary disposition. The circuit court granted in part the Township's motion, dismissing the trustees as being immune from suit because the trustees had been engaged in a discretionary, policymaking decision while acting in furtherance of their legislative duties. The circuit court, however, denied the Township's motion *vis-a-vis* Plaintiff's conspiracy claim against the Township. Both parties sought leave to appeal to the Michigan Court of Appeals, which granted the applications. On appeal, the Township argued that the circuit court erred in ruling that there was a possibility Plaintiff could prove her claim of conspiracy to violate her civil rights because the Ordinance was constitutional as a matter of law. The Township also argued that it was entitled to governmental immunity. Plaintiff argued that: (a) the Ordinance was unconstitutional, and (b) her claims against the trustees should not have been dismissed.

The Michigan Court of Appeals: (1) affirmed the dismissal of Plaintiff's claims against the trustees, and (2) reversed the circuit court's denial of the Township's motion for summary disposition on the conspiracy claim against the Township. With regard to the Ordinance itself, the court held:

> The township is entitled to summary disposition because the township's adult entertainment ordinance is content-neutral, narrowly drawn to achieve a legitimate governmental objective, and allows reasonable alternative avenues of communication and therefore does not violate [Plaintiff]'s constitutional rights.

*Berlin Charter Twp.*, 2004 WL 357963, at *5. The Michigan Court of Appeals then addressed the Township's argument that it was entitled to summary disposition on the basis of governmental immunity because it did not violate Plaintiff's constitutional rights. The Michigan Court of Appeals

stated:

> The crux of [Plaintiff]'s argument is that the township is not entitled to summary disposition because governmental immunity is not applicable because the township violated [Plaintiff]'s constitutional rights. Because the ordinance is constitutional, [Plaintiff]'s constitutional rights have not been violated by the enactment of the ordinance, there is no tort and this issue is moot. We will note however that the determination of whether an activity was a governmental function must focus on the general activity and not the specific conduct involved at the time of the tort. *Tate v Grand Rapids*, 256 Mich. App. 656, 661, 671 N.W.2d 84 (2003). Because the township's adult entertainment ordinance is content-neutral, narrowly drawn to achieve a legitimate governmental objective, and allows reasonable alternative avenues of communication, clearly there was "some constitutional, statutory, or other legal basis" for the township's enactment of the ordinance and governmental immunity would apply in the absence of mootness. *Hyde v. Univ. of Michigan Bd. of Regents*, 426 Mich. 223, 253, 393 N.W.2d 847 (1986).

*Id.* The Michigan Supreme Court denied Plaintiff's application for leave to appeal. *Berlin Charter Twp. v. Proud*, 471 Mich. 884 (2004) (Table).

After the Michigan Court of Appeals upheld the ordinance and affirmed the dismissal of [Plaintiff]'s claims, the Township moved to dismiss its complaint and preliminary injunction as moot because Plaintiff no longer owned the property. Plaintiff opposed the dismissal based on her desire to have the Township prove its case at trial. The circuit court granted the Township's motion over Plaintiff's opposition. The text of the circuit court's order granting the Township's motion included a hand-written modification:

> On motion of [the Township] for dismissal of complaint and preliminary injunction it is ordered that the complaint and preliminary injunction are dismissed with~~out~~[1] prejudice and without cost to either party closing this matter.

---

[1] The hand-written modification of "without" to "with" was initialed by counsel for both parties.

In 2008, Plaintiff filed this wrongful enjoinment action in federal district court pursuant to diversity jurisdiction. 28 U.S.C. § 1332.

### III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings, combined with any affidavits in support show that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)(citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v.*

*Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV. ANALYSIS

Plaintiff's claim in this case is that she was wrongfully enjoined. A person is "wrongfully enjoined" and entitled to seek damages when, "based on the determination made on the merits of the underlying controversy between the parties," the injunction "should not have been issued at all." *Openings v. R-Classics, Inc.*, 1996 WL 33348565, at *1 (Mich.App. 1996) (citing *In re Prichard Estate*, 169 Mich.App. 140, 150-51 (1988)).

As she did before the circuit court, Plaintiff argues that there was not a change of use that would have justified the issuance of an injunction in the first place. Plaintiff asserts that, had the Township not dismissed the case, she would have been able to demonstrate at trial that: (1) there was no change of use, and (2) as such, the injunction was not warranted in the first place. For those reasons, Plaintiff contends that she was wrongfully enjoined even if the Ordinance is constitutional.

Plaintiff fails to recognize, however, that the Michigan Court of Appeals ruled that because the Ordinance was constitutional, the Township was entitled to governmental immunity. *See Berlin Charter Twp.*, 2004 WL 357963, at *5. As the Michigan Supreme Court denied leave to appeal, the Michigan Court of Appeals' determination of governmental immunity was the final determination of that issue. Plaintiff cannot challenge that determination now. As the Township is entitled to governmental immunity for its actions in passing and enforcing the Ordinance, no cause of action can be maintained against the Township for wrongful enjoinment.

Moreover, Plaintiff's entire eight-count counter-claim was dismissed by the Michigan Court of Appeals. Again, as leave to appeal was denied by the Michigan Supreme Court, the dismissal of

7

Plaintiff's counter-claims by the Michigan Court of Appeals constituted a final determination of the merits on the counter-claims. Therefore, to the extent that Plaintiff's claim of wrongful enjoinment was a part of her counter-complaint,[2] *collateral estoppel* bars her action now because the Michigan Court of Appeals disposed of that claim in favor of the Township. Alternatively, to the extent that Plaintiff's claim of wrongful enjoinment was not a part of her counter-complaint, *res judicata* bars her action now because a claim for wrongful enjoinment arises out of the same nucleus of operative fact as her counter-claims Plaintiff filed in the state court action. Thus, Plaintiff was obligated to raise and litigate any wrongful enjoinment claim when she filed her counter-complaint in the state court action.

Accordingly, for the reasons set forth above, the Court concludes that the Township is entitled to summary judgment on Plaintiff's current cause of action.

## V.  CONCLUSION

Accordingly, and for the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 29, 2009

---

[2] Plaintiff contends that: (a) the circuit court's opinion regarding the summary disposition motions recognized that Plaintiff was challenging the change of use determination by the Township, and (b) it was an issue that would later be considered by the circuit court.

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 29, 2009.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290